IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PHYLLIS ANTHONY nee PHYLLIS MOORE | * | |
|     **PLAINTIFF** | * | CIVIL ACTION |
| v. | * | |
| | | FILE NO: 4-10-cv-76 (CDL) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | * | **Jury Trial Demanded** |
|     **DEFENDANT** | * | |

## COMPLAINT

COMES NOW Phyllis Anthony nee Phyllis Moore, hereinafter designated and referred to as Plaintiff, and brings this her action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. § 1681, et. seq., violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C.A. § 1692, et. seq., violation of the Georgia Fair Business Practices Act ("GFBPA") O.G.C.A. § 10-1-393 et, seq., and declaratory relief as against Portfolio Recovery Associates, LLC, hereinafter designated and referred to as Defendant, and for cause respectfully shows as follows:

### PARTIES

1.

Plaintiff is a natural person who resides in Columbus, Muscogee County, Georgia, in the Middle District of Georgia, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. § 1692a(5).

Plaintiff is a resident and citizen of the State of Georgia and of the United States. Plaintiff is also a "consumer" as defined by § 1681a(c) of the FCRA.

2.

Defendant Portfolio Recovery Associates, LLC ("Portfolio") is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business or whose corporate citizenship is in the State of Virginia and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

3.

Portfolio is also a furnisher of information as contemplated by the FCRA § 1681s-2(a) and (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

Portfolio may be served with process through its Registered Agent for service of process, Judith Sugg Scott, 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502 (Norfolk County).

**JURISDICTION AND VENUE**

4.

Jurisdiction of this Court arises under 15 U.S.C. §§ 1681p, 15 U.S.C. §§ 1692k(d), and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. The United States District Court also has supplemental jurisdiction with regard to Plaintiff's state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5.

Venue is proper, because many of the relevant events and/or activities damaged a consumer living within Muscogee County, Middle District of Georgia.

6.

This is an action brought by a consumer for violations of the FCRA, 15 U.S.C. §§ 1681-1681u, and the FDCPA, 15 U.S.C. §§ 1692 - 1692o, in connection with a time-barred debt in that Defendant has impermissibly accessed plaintiff's private and protected personal financial information through Trans Union, a consumer reporting agency and sent Plaintiff deceptive correspondence in connection with the collection of a debt. Plaintiff seeks actual damages, statutory and punitive damages, and to the extent possible, injunctive and declaratory relief.

7.

The Plaintiff is a natural person residing in Muscogee County, Georgia.

8.

Portfolio was, at all times relevant to this Complaint, a company that was engaged in the business of collecting debts alleged to be due another (Chase Bank) in the State of Georgia which were purchased and collected pursuant to assignment of rights and collected from a location in another state. Upon knowledge and belief, Portfolio is a corporate citizen of the State of Virginia.

**REQUEST FOR TRIAL BY JURY**

9.

Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

10.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or state laws, including Georgia.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY'S FEES

11.

Plaintiff respectfully requests that this Honorable Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation in accordance with the provisions of the FCRA, the FDCPA, and/or other laws.

## GENERAL FACTUAL BASIS

12.

Plaintiff's creditworthiness has been compromised by the acts and omissions of Defendants.

13.

Defendant purchased time-barred debt from Chase Bank or a successor in interest and sent to Plaintiff s number of letters urging Plaintiff to pay a time barred debt which it had no present right to collect.

14.

With no permissible business purpose, Defendant accessed Plaintiff's protected personal financial information at Trans Union on February 11, 2009.

15.

Such inquiry is reflected as an inquiry by a known delinquent debt collector whose published permissible purpose is "COLLECTION."

16.

The Chase Bank Credit Card account purchased by Defendant giving rise to the impermissible access had been dormant and without activity for in excess of fifteen years.

17.

The limitations period for collection of credit card accounts in Georgia is six years.

18.

The permissible period for reporting transactional data on consumer accounts by consumer reporting agencies is seven years from the date of last activity by the consumer.

19.

Fresh activity, such as a payment, on the account would also cause the six year statute of limitations for collection of Plaintiff's card account to begin anew.

20.

Consumer Reporting Agencies, such as Trans Union, report inquiries such as that made by Defendant for two years.

21.

Each Publication of such report provides the clear data that Defendant is seeking information from Plaintiff to assist it in causing her to pay a delinquent debt.

22.

At minimum, such publication was made to GEMB in March, 2010 in an account review.

23.

Defendant sent Plaintiff, *inter alia*, a communication in connection with the collection of this purported debt dated October 13, 2009.

24.

Said letter was confusing to Plaintiff, the least sophisticated consumer, who appeared to have received a communication from Portfolio Associates, LLC, or NCO Portfolio Management, Inc. or Chase Bank from PO Box 4111, Concord, CA 94524 or PO Box 12914 Norfolk, VA 23541, thereby not clearly identifying the debt collector.

25.

Defendant's letter of October 13, 2009 to Plaintiff was further deceptive in that it informed Plaintiff that she owed Defendant $736.61 and that her first payment was due no later than 11/17/2009.

26.

Defendant sent Plaintiff, inter alia, a communication in connection with the collection of this purported debt dated April 1, 2010.

27.

Said letter was confusing to Plaintiff, the least sophisticated consumer, who appeared to have received a communication from Portfolio Associates, LLC, or NCO Portfolio Management, Inc. or Chase Bank from PO Box 4111, Concord, CA 94524 or PO Box 12914 Norfolk, VA 23541, thereby not clearly identifying the debt collector.

28.

Defendant's letter of April 1, 2010 to Plaintiff was further deceptive in that it informed Plaintiff that she owed Defendant $758.00 and that her first payment was due 4/30/2010.

29.

Defendant has thus deceived Plaintiff, attempted to collect an amount it was not entitled to collect, improperly accessed Plaintiff's files with a consumer reporting agency and defamed Plaintiff.

30.

The activities of Defendant are pursuant thereunto are unfair trade or business practices as contemplated by the laws of Georgia.

## COUNT I

## FAIR CREDIT REPORTING ACT

Plaintiff incorporates by reference each of the above paragraphs as if fully set forth herein.

31.

Defendant is a "user" of credit information and "furnisher" of credit information as contemplated within the ambit of the FCRA. 15 U.S.C.A. § 1681 (b)(a)(3)(a) and 15 U.S.C.A. § 1681s-2.

32.

Defendant's activities in accessing Plaintiff's files with Trans Union are not permissible in that Defendant had no statutory or contractual authority to collect any amount from Plaintiff, hence no permissible purpose within the ambit of 15 U.S.C.A. § 1681 (b).

33.

Defendant's access was willful and intentional.

34.

Plaintiff is therefore entitled to actual damages as by law allowed, together with $1,000.00 statutory damages, punitive damages and attorney's fees together with expenses of litigation for each access. Pursuant to 15 U.S.C.A. § 1681n(a)-(c)

## COUNT II

## DEFAMATION

Plaintiff incorporates by reference each of the above paragraphs as if fully set forth herein.

35.

Defendant, in making impermissible inquiry into Plaintiff's files with a Consumer Reporting Agency has knowingly published information the logical and predictable consequence was to cast Plaintiff's financial reputation in a false light.

36.

Said information was negative and damaging to Plaintiff. Plaintiff sustained credit reputation views by others. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about Plaintiff.

37.

Portfolio recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

38.

Portfolio's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress, and mental anguish.

39.

Portfolio was notified of its false reporting, however Portfolio continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate, and false information about the Plaintiff.

40.

Portfolio has invaded Plaintiff's privacy.

41.

Alternatively, Portfolio has, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

42.

Portfolio has intentionally inflicted humiliation and emotional distress and mental anguish on Plaintiff.

## COUNT III

## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff incorporates by reference each of the above paragraphs as if fully set forth herein.

43.

Portfolio is a "debt collector" as contemplated within the ambit of FDCPA, 15 U.S.C.A. § 1692(a)(6).

44.

Defendant, by failure to disclose that collection Plaintiff's account was time barred has falsely represented the character, amount, or legal status of Plaintiff's debt as proscribed by 15 U.S.C.A. § 1692e(2)(A).

45.

Defendant, by stating that the first payment was due on Plaintiff's account that was time barred by on or before a date certain has use of any false representation or deceptive means to collect or attempt to collect Plaintiff's debt as proscribed by 15 U.S.C.A. § 1692e(10).

46.

Defendant, by failing to make clear the true identity of Defendant through the fungible use of multiple names and addresses has engaged in a deceptive means to collect or attempt to collect Plaintiff's debt as proscribed by 15 U.S.C.A. § 1692e(14).

47.

Defendant's access was willful and intentional

48.

Plaintiff is therefore entitled to actual damages as by law allowed, together with $1,000.00 statutory damages, punitive damages and attorney's fees together with expenses of litigation for each access. Pursuant to 15 U.S.C.A. § 1692k(a)(1)(2A) and (3).

## COUNT IV

## GEORGIA FAIR BUSINESS PRACTICES ACT

Plaintiff incorporates by reference each of the above paragraphs as if fully set forth herein.

49.

Portfolio has engaged in unfair and deceptive trade and business practices and is liable unto Plaintiff under state laws for those violations.

50.

All of Portfolio's actions with regard to the infliction of humiliation, distress, mental anguish, anxiety, frustration, vexation, and other general damages were either intentional or in conscious disregard for the rights and sensibilities of Plaintiff.

51.

Alternatively, Portfolio has, with willful intent to injure or maliciously, published such false and inaccurate information and severely damaged the personal and consumer reputation of Plaintiff and caused him to suffer severe humiliation, emotional distress and mental anguish.

52.

Misrepresenting consumers' financial indebtedness to others for falsely reporting credit histories are unfair and deceptive acts or practices that clearly fall within the parameters of the GFBPA, O.C.G.A. § 10-1-391, et. seq.

53.

Collection activities that are abusive and violative of the FDCPA are violative of the GFBPA as well.

54.

Portfolio is therefore liable over to Plaintiff for all actual damages, additional treble damages, punitive damages, attorney's fees, and expenses of litigation pursuant to O.C.G.A. § 10-1-399b and c.

55.

Plaintiff has provided Portfolio with the required thirty (30) day ante litem notice with offer to cure, but Defendant has failed to respond or effect cure.

56.

Portfolio is liable unto Plaintiff for all actual, statutory, exemplary, and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time attempted to repair her credit, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## PRAYERS

Wherefore, Plaintiff respectfully prays as follows:

(a) that Summons issue and Defendants be served as by law provided;

(b) that Plaintiff be awarded judgment for all reasonable damages allowed by law and all reasonable damages sustained by Plaintiff including, but not limited to, all actual, statutory, exemplary, and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time attempted to repair her credit, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid;

(c) that Plaintiff be awarded statutory damages for violation of the FDCPA and FCRA;

(d) that Plaintiff be awarded actual damages together with treble damages for violation of the GFBPA including punitive damages, attorney's fees, and expenses of litigation;

(e) that this court exercise supplemental jurisdiction and grant Plaintiff judgment on her state claims;

(f) that all issues triable by jury be tried by a jury;

(g) that all costs of this action be taxed to Defendants; and

(h) for such other and further relief as unto this Court may seem just and equitable in the premises.

This 12th day of July 2010.

                                              /S/John W. Roper
                                              John W. Roper

Prepared by:

John W. Roper
5353 Veterans Parkway, Suite A
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
State Bar No: 614159